UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TATIANA ZAVODNIK, <br> GERSH ZAVODNIK, <br>              Plaintiffs, <br> vs. <br> JAMES JOVEN Judge, <br> KIM D. MATTINGLY, <br>              Defendants. | No. 1:16-cv-00626-TWP-MPB |

**Entry and Order Directing Dismissal of Action**

Plaintiffs Tatiana and Gersh Zavodnik ("the Plaintiffs") brought this action against Defendants James Joven, a state trial court judge and Defendant Kim Mattingly, a state magistrate judge, (collectively "the Defendants") alleging numerous misdeeds on the part of the Defendants in the course of litigation of a state court case. In the Entry of March 25, 2016, the Complaint was dismissed based on the Defendants' judicial immunity. The Plaintiffs were given a period of time in which to show cause why judgment should not issue consistent with that Entry. The Plaintiffs requested additional time to file an Amended Complaint. That request was granted, and the Plaintiffs were reminded that the Amended Complaint should contain "a *short and plain* statement of the claim showing that the pleader is entitled to relief. . . . ."

The Plaintiff's responded by filing of a 60-page Amended Complaint. The Amended Complaint is accompanied by orders from the state court case (Dkt. 14-1), 189 pages of "Additional Facts in Support of Amended Complaint," which include additional records from the

state court case (Dkt 15), and a Brief in Support of Amended Complaint for Damages (Dkt 17). Each of these filings has been reviewed and considered by the Court.

Like those in the original Complaint, the claims in the Amended Complaint are all based on actions taken by state court judges in the course of state court litigation. Accordingly, as previously explained, those claims are barred by the doctrine of judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978). In addition, any request that this Court review the decision of a state court must be rejected based on the *Rooker-Feldman* doctrine. This doctrine strips the district court of jurisdiction to involve itself in a plaintiffs' attempt at an appeal of a state courts decision, notwithstanding their allegations that the state court's judgment runs afoul of the United States Constitution. *See Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002)("Simply put, the *Rooker [v. Fidelity Trust Co.*, 263 U.S. 413 (1923)]-[*District of Columbia Court of Appeals v.] Feldman*[, 460 U.S. 462 (1983),] doctrine 'precludes lower federal court jurisdiction over claims seeking review of state court judgments . . . [because] no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment.' Thus, if a claim is barred by the *Rooker-Feldman* doctrine, a federal court lacks subject matter jurisdiction over the case.") (internal citations and footnote omitted).

With all due respect to Plaintiff's, because this Court has no jurisdiction over the claims in the Amended Complaint and because the claims in the Amended Complaint are barred by judicial immunity, this action must now be **dismissed**. The motion seeking assistance in service of process (Dkt. 16) is therefore **denied**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 6/24/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Tatiana Zavodnik
Gersh Zavodnik
9750 E. 25th St. #318
Indianapolis, IN 46229