UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TATIANA ZAVODNIK, | ) | |
| GERSH ZAVODNIK, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 1:16-cv-00626-TWP-MPB |
| vs. | ) | |
| | ) | |
| JAMES JOVEN Judge, | ) | |
| KIM D. MATTINGLY, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Denying Motion to Alter or Amend Judgment**

This action was dismissed for failure to state a claim upon which relief can be granted. The plaintiffs' motion to alter or amend the dismissal of this action was filed within 28 days of the date judgment was entered in this action. It is therefore treated as a motion to amend judgment pursuant to Rule 59 of the *Federal Rules of Civil Procedure.*

"Rule 59(e) allows a court to amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Heyde v. Pittenger*, 633 F.3d 512, 521 (7th Cir. 2011) (internal quotation omitted); *United States v. Resnick,* 594 F.3d 562, 568 (7th Cir. 2010). "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations omitted). "Relief under Rules 59(e) and 60(b) are extraordinary remedies reserved for the exceptional case…." *Foster v. DeLuca,* 545 F.3d 582, 584 (7th Cir. 2008).

The motion to alter or amend has been fully considered. This action was dismissed because it was brought against state court judges for actions taken in their judicial capacities. In such circumstances, judicial officers are entitled to absolute judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978). The plaintiffs assert, among other things, that this ruling amounted to an error of law and that the defendants are not entitled to judicial immunity in that many their actions were taken outside of their judicial capacity. But a review of the complaint and the motion to set aside reveals that the claims are related to proceedings in state court, filings in state court, and proceedings supplemental. The plaintiffs assert that defendant Mattingly harassed and threatened them both in and outside of the courtroom. Even taking these allegations as true and even assuming that these actions took place outside of court proceedings, the plaintiffs still have failed to state a claim. This is because verbal abuse, harassment, and unprofessional conduct do not rise to the level of a constitutional violation for which relief may be granted in a civil rights case. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (citing *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987). The use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution. *Id.*

In short, the plaintiffs have failed to show that the dismissal of this action was improper. Accordingly, the motion to alter or amend judgment [dkt 21] is **denied**.

**IT IS SO ORDERED.**

Date: 1/11/2017

Distribution:

Tatiana Zavodnik
Gersh Zavodnik
9750 E. 25th St. #318
Indianapolis, IN 46229

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana